**RAFFEL SYSTEMS, LLC,**

    Plaintiff,

    v.                                              Case No. 18-CV-1765

**MAN WAH HOLDINGS LTD, INC.,
MAN WAH (USA) INC., and XYZ
COMPANIES 1–10,**

    Defendants.

## DECISION AND ORDER ON PLAINTIFF'S MOTION TO DISMISS AND/OR STRIKE CERTAIN OF DEFENDANTS' AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Raffel Systems, LLC sues Man Wah Holdings Ltd., Inc., Man Wah (USA) Inc., and XYZ Companies 1–10 (collectively "Man Wah") for patent infringement, false marketing, trade dress infringement, unfair competition and false designation of origin, trade dress dilution, false representation of fact, and misappropriation under federal and Wisconsin law. (Fourth Am. Compl., Docket # 108.) Raffel moves to dismiss Man Wah's Counterclaims One through Ten, Twelve, and Thirteen for failing to plead the claims with particularity as required by Fed. R. Civ. P. 9(b). Raffel also moves to dismiss Man Wah's Eleventh and Fourteenth Counterclaims for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P 12(b)(6). Finally, Raffel moved to strike Man Wah's Twelfth, Thirteenth, and Eighteenth Affirmative Defenses pursuant to Fed. R. Civ. P. 12(f). For the reasons below, Raffel's motion is granted in part and denied in part.

## BACKGROUND

Raffel is a manufacturing company with a range of products in the seating, bedding, and industrial marketplaces. (Fourth Am. Compl. ¶ 11.) Raffel holds over sixty patents related to seating arrangement components. (*Id.* ¶ 13.) Raffel makes and markets cup holders, including its "Home Theater and Integrated Cup Holder" products. (*Id.* ¶ 12.) Raffel alleges that it is the owner by assignment of all rights, title, and interest in five patents for "Lighted Cup Holders for Seating Arrangements": U.S. Patents Nos. 7,766,293, 8,714,505, 8,973,882, 10,051,968; and 10,229,603 (*id.* ¶ 14–18); one patent for a "cup holder": U.S. Patent No. D643,252 (*id.* ¶ 19); and one patent for a "switch": U.S. Patent No. D821,986 (*id.* ¶ 20). Raffel filed suit against Man Wah alleging patent infringement, false marketing, trade dress infringement, unfair competition and false designation of origin, trade dress dilution, false representation of fact, and misappropriation under federal and Wisconsin law.

Man Wah answered Raffel's complaint and asserted various affirmative defenses and counterclaims. Relevant here, in Counterclaims One through Ten, Twelve, and Thirteen, Man Wah seeks a declaration of non-infringement and a declaration of invalidity and unenforceability as to the '293 Patent; the '505 Patent; the '882 Patent; the '968 Patent; the '252 Patent; and the '603 Patent. In Counterclaims Eleven and Fourteen, Man Wah alleges breach of contract, breach of a covenant not to sue, and breach of the covenant of good faith and fair dealing based on two supplier contracts allegedly entered into by the parties. (Answer to Fourth Am. Compl., Affirmative Defenses, and Counterclaims ¶¶ 8–58, Docket # 133.) As to Man Wah's affirmative defenses, the Twelfth defense alleges that Raffel's non-patent claims are barred by laches; the Thirteenth defense alleges that the '293, '505, '882,

'603, '968, and '252 Patents are unenforceable due to inequitable conduct that occurred during their prosecution; and the Eighteenth defense alleges that Raffel's common-law misappropriation and unjust enrichment claims are barred under the doctrine of preemption. (*Id.* ¶¶ 267–273, 282.)

## APPLICABLE LEGAL STANDARDS

Raffel moves to dismiss certain of Man Wah's counterclaims pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted and pursuant to Rule 9(b) for failing to plead the counterclaims with particularity. Raffel also moves to strike certain of Man Wah's affirmative defenses pursuant to Fed. R. Civ. P. 12(f).

Because a Rule 12(b)(6) motion is a "purely procedural question not pertaining to patent law," Seventh Circuit law applies. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355–56 (Fed. Cir. 2007). Under the Federal Rules of Civil Procedure, a complaint, counterclaim, or affirmative defense must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A short and plain statement "'gives[s] the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41 (1957)). In order to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

In contrast, whether inequitable conduct in the prosecution of patent claims has been pleaded with particularity under Rule 9(b) is a question governed by Federal Circuit law. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1318 (Fed. Cir. 2009). Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or

3

mistake shall be stated with particularity." "[I]nequitable conduct, while a broader concept than fraud, must be pled with particularity" under Rule 9(b). *Ferguson Beauregard/Logic Controls, Div. of Dover Resources, Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1344 (Fed. Cir. 2003). A pleading that simply avers the substantive elements of inequitable conduct, without setting forth the particularized factual bases for the allegation, does not satisfy Rule 9(b). *Exergen Corp.*, 575 F.3d at 1326–27. Thus, "in pleading inequitable conduct in patent cases, Rule 9(b) requires identification of the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Id.* at 1327.

Pursuant to Rule 12(f), the Court can strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *Delta Consulting Group, Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009). "Affirmative defenses will be stricken 'only when they are insufficient on the face of the pleadings.'" *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (quoting *Heller Fin. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)). "[B]ecause affirmative defenses are subject to the pleading requirements of the Federal Rules of Civil Procedure, they must set forth a 'short and plain statement' of all the material elements of the defense asserted; bare legal conclusions are not sufficient." *Id.* (citing *Heller*, 883 F.2d at 1294).

## ANALYSIS

Man Wah has agreed to dismiss its counterclaims and affirmative defenses that rely on inequitable conduct. (Man Wah's Resp. Br. at 1, Docket # 154.) Man Wah also agrees to dismiss its laches defense (the Twelfth Affirmative Defense) as a bar to non-patent claims. (*Id.*) Thus, the parties agree that Man Wah's Thirteenth Affirmative Defense is dismissed in its entirety; Counterclaims One through Ten, Twelve, and Thirteen are dismissed to the

extent that they rely on allegations of inequitable conduct; and Man Wah's Twelfth Affirmative Defense is dismissed as a bar to non-patent claims. (Man Wah's Resp. Br. at 1, Raffel's Reply Br. at 1, Docket # 163-1.) As such, remaining before me are Raffel's arguments that Man Wah's Eleventh and Fourteenth Counterclaims fail to state a claim upon which relief can be granted and Man Wah's Eighteenth Affirmative Defense is inadequately pled. I will address each argument in turn.

### 1. Breach of Contract Counterclaims (Counterclaims Eleven and Fourteen)

Man Wah alleges that the parties signed a supplier contract on or about January 1, 2016 that established a set of rules for the supply of "Massage Chair Related Electronic Accessories" (including cup holders) from Raffel's Chinese subsidiary to Man Wah's Chinese subsidiary. (Answer, Counterclaim ¶ 39.) Man Wah further alleges that the parties signed a supplier contract on or about January 1, 2017 that contained substantially the same terms as the 2016 supplier contract. (*Id.*) Man Wah alleges, upon information and belief, that Raffel's Chinese subsidiary acted on behalf of Raffel, including by acting as Raffel's representative and/or acting at Raffel's direction and pursuant to Raffel's instructions. (*Id.*) As such, Man Wah alleges that for purposes of its counterclaims, Raffel is the same as its Chinese subsidiary and Man Wah is the same as its Chinese subsidiary. (*Id.*)

Man Wah alleges that the subject matter of the supplier contracts is electronic accessories related to massage chairs. (*Id.* ¶ 40.) Both supplier contracts provide at Section 7.3 that Party A (allegedly Man Wah Holdings) exclusively and completely owns all copyrights, non-patented technical rights, trademark rights, and patent rights related to any templates, drawings, pattern designs, technical requirements, and instructions provided to Party B (allegedly Raffel), as well as the products produced in accordance with Man Wah's

data and requirements. (*Id.*) Further, the supplier contracts provide that Party A has sole ownership of the right to application, right to authorship, right to licensing, exclusive right, and right to benefits related to such rights. (*Id.*)

Man Wah alleges that it provided documents, requirements, and/or instructions to Raffel relating to the subject cup holders and switches. (*Id.* ¶ 41.) Man Wah alleges that certain products were produced in accordance with Man Wah's data and requirements and that Man Wah owns the intellectual property rights in the products at issue, as well as the rights to use, license, and derive benefits from the products. (*Id.*) Man Wah alleges that Raffel and/or its Chinese subsidiary acting on Raffel's behalf (named in the attached contract as Xiamen Ruifeier Electronic Trading Co., Ltd or Xiamen Raffel) were invited to and took part in bidding conferences in which Man Wah solicited bids for the production of the products at issue. (*Id.* ¶ 42.) Man Wah alleges that the supplier contracts provide in Paragraph 10.4 that any disputes arising from the execution of the contract or related to the contract should be settled through friendly negotiation between the two parties and if negotiations fail, then the dispute is to be submitted to the People's Court of Dayawan Economics and Technological Development Zone of Huizhou for resolution through litigation. (*Id.*) Man Wah alleges that Raffel had notice of Man Wah's conduct since at least December 2016 and did not engage in any consultation regarding Man Wah's conduct that Raffel considered improper. (*Id.* ¶ 43.) Instead, Raffel filed this lawsuit. (*Id.*)

Man Wah argues that Raffel bringing this lawsuit against Man Wah without first attempting to resolve their differences through negotiation constitutes a breach of Raffel's contract with Man Wah, including the implied covenant of good faith and fair dealing, as

6
Case 2:18-cv-01765-NJ   Filed 06/15/20   Page 6 of 12   Document 189

well as a breach of a covenant not to sue arising from the relationship between the parties. (*Id.* ¶ 44.)

Man Wah further alleges that the supplier contracts provide in Section 2.4 for an exclusive relationship such that Raffel shall not sell or offer the products supplied under the supplier contracts to any third party that has or may have a competitive relationship with Man Wah. (*Id.* ¶ 56.) Man Wah argues that Raffel breached this provision by selling cup holders and switches subject to this exclusivity clause to third parties in a competitive relationship with Man Wah. (*Id.* ¶ 57.)

Raffel argues that it was not a party to the two supplier contracts at issue and that while Man Wah attempts to plead breach of contract based on agency theory, it has failed to plead sufficient facts to form a reasonable inference that Raffel is legally bound to a contract signed by its subsidiary, Xiamen Raffel. (Raffel's Br. at 13, Docket # 141.)

As an initial matter, the parties have not addressed the applicable law governing Man Wah's breach of contract claims, which Man Wah brings pursuant to diversity and/or supplemental jurisdiction. (Man Wah's Countercl. ¶ 5.) When neither party raises a conflict of law issue in a diversity case, the applicable law is that of the state in which the federal court sits. *RLI Ins. Co. v. Conseco, Inc.*, 543 F.3d 384, 390 (7th Cir. 2008). Thus, I will apply Wisconsin law.

Under Wisconsin law, the mere existence of a parent-subsidiary relationship, by itself, is insufficient to establish that a principal-agent relationship exists between the two entities. *Insolia v. Philip Morris Inc.*, 31 F. Supp. 2d 660, 671 (W.D. Wis. 1998). If no explicit authorization exists, a court may find so-called implied or apparent agency provided the following three elements are established: (1) acts by the agent or principal justifying belief in

the agency; (2) knowledge of these acts by the party sought to be held responsible as a principal or as an agent; and (3) reliance on the existence of the relationship by plaintiffs, consistent with ordinary care and prudence. *Id.* (citing *Schaefer v. Dudarenke*, 89 Wis.2d 483, 489–490, 278 N.W.2d 844, 847 (1979)).

While Man Wah alleges that Raffel entered into the two supplier contracts (Man Wah's Resp. Br. at 3), the contracts themselves indicate that Xiamen Raffel signed the contracts—not Raffel (Ex. 1 and Ex. 2 to Counterclaim, Docket # 133-1 and Docket # 133-2). Man Wah argues that there is an agency relationship between Raffel and Xiamen Raffel, however, Man Wah fails to plead specific facts that would indicate an agency relationship. Again, to demonstrate an agency relationship under Wisconsin law, Man Wah must show (1) acts by Raffel or Xiamen Raffel justifying belief in the agency; (2) knowledge of these acts by Raffel or Xiamen Raffel; and (3) reliance on the existence of the agency relationship by Man Wah. Man Wah alleges the following facts establishes an agency relationship between Raffel and Xiamen Raffel: A Raffel employee sent an email to Man Wah on November 17, 2015 offering to sell products to Man Wah (Man Wah's Answer ¶ 279), other Raffel employees were copied on the email (*id.*), and Paul Stangl (President of Raffel) is named in the contract as the "legal representative" of Xiamen Raffel (Man Wah Resp. Br. at 4). Man Wah further argues that Raffel's Thirteenth Claim for Relief demonstrates an agency relationship. (Man Wah Resp. Br. at 4.)

I find these facts insufficient to plead an agency relationship under Wisconsin law. The fact an email was sent from a Raffel employee and other Raffel employees were copied on the email, and that Raffel's president is also Xiamen Raffel's "legal representative," does not show that Raffel and/or Xiamen Raffel believed Xiamen Raffel had authority to bind

Raffel to these two contracts, or that Man Wah relied on the existence of an agency relationship. Further, Raffel's Thirteenth Claim for Relief alleges breach of contract for products Man Wah allegedly purchased from Raffel in 2019. (Fourth Am. Compl. ¶ 222–33, Ex. 20, Docket # 108-20.) It is unclear the relevance of an agreement allegedly entered into by the parties in 2019 to whether the same parties allegedly entered into an agreement in 2016 or 2017.

Thus, the counterclaims for breach of contract, as currently pleaded, do not sufficiently allege an agency relationship between Raffel and Xiamen Raffel. Man Wah asserts, however, that it has additional facts that support an agency relationship between Raffel and Xiamen Raffel. Thus, given the court's preference to freely grant leave to amend when justice so requires, *see Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519 (7th Cir. 2015), and Man Wah's assertion that it has sufficient facts to indicate that Xiamen Raffel was acting as Raffel's agent in signing these two contract, I will allow Man Wah leave to amend its counterclaims to properly allege an agency relationship.

Raffel further argues that Man Wah's breach of contract claims are barred by the forum selection clause contained in the contracts naming the People's Court of Dayawan Economic and Technological Development Zone of Huizhou as the proper forum. (Raffel's Br. at 13.) Raffel also argues that the claims are barred and under the *Colorado River* abstention doctrine, which allows federal court to dismiss or stay a federal action in deference to pending parallel state (or foreign) court proceedings. (*Id.* at 19–21.) *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976); *see also Finova Capital Corp. v. Ryan Helicopters U.S.A., Inc.*, 180 F.3d 896, 898 (7th Cir. 1999) (applying the *Colorado River*

9

abstention doctrine to parallel foreign proceedings). Because Man Wah's counterclaims, as currently pleaded, fail to adequately plead an agency relationship binding Raffel to the contracts, I need not decide these arguments. Assuming, however, that Man Wah properly amends its counterclaims and Raffel chooses to bring another motion to dismiss on these grounds, I caution Raffel that the information currently provided is insufficient for me to decide abstention under *Colorado River*. In assessing the propriety of abstention, the first task is to determine whether the federal and foreign proceedings are in fact parallel, meaning substantially the same parties are litigating substantially the same issues simultaneously in two fora. *Finova Capital Corp.*, 180 F.3d at 898. Raffel has provided a declaration from counsel indicating that Man Wah Huizhou filed a lawsuit against Xiamen Raffel for breach of the parties' 2016 contract. (Declaration of Minli Tang, ¶ 3, Docket # 142.) A copy of the complaint is attached to the declaration, but it is not translated into English. (*Id.*, Ex. A, Docket # 142-1.) This information is insufficient to determine whether the proceedings are in fact parallel.

    2.    *Preemption (Eighteenth Affirmative Defense)*

Finally, Raffel moves to strike Man Wah's Eighteenth Affirmative Defense—that Raffel's claims of common law misappropriation and unjust enrichment are barred under the doctrine of preemption. Man Wah argues that Raffel's misappropriation and unjust enrichment claims rely only on allegations of trade dress infringement and that Raffel's claim of trade dress infringement and dilution cannot give rise to additional, common law causes of action. (Man Wah Resp. Br. at 11–12.) Raffel argues that state law claims and Lanham Act claims can co-exist and the Lanham Act only preempts state laws that would provide less protection. (Raffel Reply Br. at 14–15.)

10
Case 2:18-cv-01765-NJ   Filed 06/15/20   Page 10 of 12   Document 189

Under the Supremacy Clause, state law that conflicts with federal law is without effect. *Ultra-Precision Mfg., Ltd. v. Ford Motor Co.*, 411 F.3d 1369, 1377 (Fed. Cir. 2005). Preemption can be any of three types: explicit, field, or conflict preemption. *Id.* In *Ultra-Precision*, the Federal Circuit explained that because federal patent law does not provide explicit preemption and because Congress does not intend to occupy exclusively the field of unjust enrichment law, the relevant issue is conflict preemption. *Id.* Conflict preemption occurs when state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id.* at 1378 (quotations and citations omitted).

All Man Wah has pleaded is that Raffel's misappropriation and unjust enrichment claims are barred by preemption. (Affirmative Defense ¶ 282.) Without more factual detail, I have no basis to determine whether Man Wah's affirmative defense, as pleaded, is legally sufficient. For this reason, I will strike Man Wah's Eighteenth Affirmative Defense and give Man Wah leave to re-plead with facts sufficient to determine whether it has a legally viable defense.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Raffel's Motion to Dismiss and/or Strike (Docket # 140) is **GRANTED IN PART AND DENIED IN PART**. Man Wah's Thirteenth Affirmative Defense is dismissed in its entirety; Man Wah's Counterclaims One through Ten, Twelve, and Thirteen are dismissed to the extent that they rely on allegations of inequitable conduct; and Man Wah's Twelfth Affirmative Defense is dismissed as a bar to non-patent claims; Man Wah's Eleventh and Fourteenth Counterclaims are dismissed without prejudice; and Man Wah's Eighteenth Affirmative Defense is stricken, with an opportunity to re-plead. Man Wah has **21 days** from the date of this Order to file an amended pleading.

**IT IS FURTHER ORDERED** that plaintiff's motion to seal (Docket # 162) is **GRANTED**.

Dated at Milwaukee, Wisconsin this 15th day of June, 2020.

BY THE COURT

*Nancy Joseph*

NANCY JOSEPH
United States Magistrate Judge