# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**RAFFEL SYSTEMS, LLC,**

    Plaintiff,

  v.                                                             Case No. 18-CV-1765

**MAN WAH HOLDINGS LTD, INC.,**
**MAN WAH (USA) INC., and XYZ**
**COMPANIES 1-10,**

    Defendants.

---

## DECISION AND ORDER ON DEFENDANTS' MOTION FOR A SEPARATE HEARING ON CORRECTION OF INVENTORSHIP

---

Raffel Systems, LLC alleges that it is the owner by assignment of all rights, titles, and interests in four utility patents for lighted cup holders for seating arrangements[1] and one design patent for the ornamental design of the cup holders.[2] Raffel sues Man Wah Holdings Ltd., Inc., Man Wah (USA) Inc., and XYZ Companies 1–10 (collectively "Man Wah") alleging that Man Wah is making, using, offering for sale, selling, importing, and/or distributing products that infringe Raffel's patents. (Counts 2, 6, 9, 10, 11, 12, and 15 of Fourth Am. Compl., Docket # 108.) In response to Raffel's Fourth Amended Complaint, Man Wah asserts several affirmative defenses[3] and counterclaims[4] alleging that Raffel's utility patents

---

[1] U.S. Patent No. 8,973,882; U.S. Patent No. 10,051,968; U.S. Patent No. 8,714,505; U.S. Patent No. 7,766,293.
[2] U.S. Patent No. D643,252.
[3] Affirmative defenses 13–15. (Man Wah's Answer, Affirmative Defenses, and Counterclaims, Docket # 133 at 25–27.)
[4] Counterclaims 22–26. (Docket # 133 at 47–50.)

are invalid due to Raffel's failure to name Michael Burwell, a former Raffel employee, as a co-inventor of the patents. Man Wah now seeks a hearing under Fed. R. Civ. P. 42(b) to correct inventorship of the utility patents pursuant to 35 U.S.C. § 256. For the reasons explained below, Man Wah's motion is granted.

## LEGAL STANDARDS AND ANALYSIS

Pursuant to Fed. R. Civ. P. 42(b), the district court has discretion to order a separate trial of one or more issues "[f]or convenience, to avoid prejudice, or to expedite and economize." Patent issuance creates a presumption that the named inventors are the true and only inventors of the patent. *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1460 (Fed. Cir. 1998). If, however, an inventor is omitted from a patent, patent law provides that "the Director may, on application of all the parties and assignees, with proof of the facts and such other requirements as may be imposed, issue a certificate correcting such error." 35 U.S.C. § 256(a). Section 256 further provides that the "error of omitting inventors . . . shall not invalidate the patent in which such error occurred if it can be corrected as provided in this section. The court before which such matter is called in question may order correction of the patent on notice and hearing of all parties concerned and the Director shall issue a certificate accordingly." *Id.* § 256(b).

On October 26, 2019, more than three months after Judge Jones entered a preliminary injunction enjoining Man Wah from manufacturing, using, selling, offering to sell, or importing into the United States any furniture that contains a non-Raffel cup holder that is indistinguishable from an authentic Raffel cup holder products (Docket # 87), Man Wah entered into an Intellectual Property Rights Transfer Agreement with Burwell, in which Burwell agreed to transfer his ownership rights as inventor in the utility patents at issue in this

case to Man Wah (Declaration of Michael L. Lindinger ¶¶ 7–8, Exs. 4–5, Docket # 146). Man Wah argues that once Burwell is properly named as a co-inventor of the utility patents at issue in this case, given Burwell's assignment of his rights in the patents to Man Wah, Man Wah can "practice those patents freely . . . rendering Raffel's infringement claims moot." (Man Wah's Br. at 7, Docket # 145.)

Man Wah's strategy is not uncommon in patent litigation. *See* Joshua Matt, *Searching for an Efficacious Joint Inventorship Standard*, 44 B.C. L. Rev. 245, 247–48 (2002) ("[D]efendants accused of infringement might endeavor to find an unnamed, overlooked and minor contributor to defeat a claim of infringement. This tactic is twofold: the unnamed contributor, if found to be a valid joint inventor and joint owner, can either refuse to join the suit or can grant a license to the defendant to continue using the patented technology and thus defeat the suit; alternatively, the defendant can assert that the patent is invalid for failing to name the correct inventors."). Man Wah faces a high burden, however, to prove that Burwell is a proper co-inventor of the utility patents. *See Ethicon*, 135 F.3d at 1461 ("To show co-inventorship, however, the alleged co-inventor or co-inventors must prove their contribution to the conception of the claims by clear and convincing evidence."). Because inventorship is a question of law, *id.* at 1460, and the question of Burwell's alleged inventorship will affect the issues surrounding Raffel's utility patents, I find that holding a separate bench trial on the inventorship issue will expedite resolution of the parties' claims.

Thus, Man Wah's motion for a separate hearing on inventorship is granted. The clerk's office will contact the parties to schedule a status conference to discuss scheduling of this hearing.

**ORDER**

**NOW, THEREFORE, IS IT ORDERED** that the defendants' motion for a separate hearing on inventorship (Docket # 144) is **GRANTED**. The clerk's office will contact the parties to schedule a status conference to discuss scheduling this hearing.

**IT IS FURTHER ORDERED** that the following motions to seal are **GRANTED**: (Docket # 147, Docket # 158, Docket # 169, Docket # 170.)

Dated at Milwaukee, Wisconsin this 21st day of August, 2020.

BY THE COURT:

NANCY JOSEPH
United States Magistrate Judge