# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RAFFEL SYSTEMS, LLC,**

    Plaintiff,

    v.                                                Case No. 18-CV-1765

**MAN WAH HOLDINGS LTD, INC.,
MAN WAH (USA) INC., and XYZ
COMPANIES 1–10,**

    Defendants.

## DECISION AND ORDER ON PLAINTIFF'S MOTION TO DISMISS AND/OR STRIKE CERTAIN OF DEFENDANTS' AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Raffel Systems, LLC sues Man Wah Holdings Ltd., Inc., Man Wah (USA) Inc., and XYZ Companies 1–10 (collectively "Man Wah") for patent infringement, false marketing, trade dress infringement, unfair competition and false designation of origin, trade dress dilution, false representation of fact, and misappropriation under federal and Wisconsin law. (Fourth Am. Compl., Docket # 108.) Raffel previously moved to dismiss Man Wah's Eleventh and Fourteenth Counterclaims for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P 12(b)(6) and moved to strike Man Wah's Eighteenth Affirmative Defense pursuant to Fed. R. Civ. P. 12(f). I granted Raffel's motion as to these claims, but allowed Man Wah leave to re-plead, which it did. (Docket # 193.) Raffel now renews its motion to dismiss these claims. For the reasons explained below, Raffel's motion is granted in part and denied in part.

## BACKGROUND

In the Eleventh and Fourteenth Counterclaims in response to the Fourth Amended Complaint, Man Wah alleged breach of contract, breach of a covenant not to sue, and breach of the covenant of good faith and fair dealing based on two supplier contracts allegedly entered into by the parties in 2016 and 2017. Raffel moved to dismiss these two counterclaims on the basis that it was not bound by the contracts because the two supplier contracts were signed by Raffel's Chinese subsidiary, Xiamen Raffel, not Raffel. I agreed that the counterclaims, as pled, failed to allege sufficient facts to demonstrate an agency relationship between Raffel and its subsidiary under Wisconsin law. (Docket # 189 at 7–9.)

In its amended counterclaims, Man Wah remedied this issue by alleging extensive facts to properly plead an agency relationship between the parties. (Am. Countercl. XI at ¶¶ 40–45, and Am. Countercl. XIV at ¶¶ 62–67, Docket # 193.) As such, Raffel no longer moves to dismiss the two counterclaims on the basis of agency (though Raffel does not concede that it is bound by the contracts). Rather, Raffel argues that Man Wah's Eleventh and Fourteenth counterclaims "fail to state a claim because the alleged contracts contain a forum selection clause that designates China as the forum to hear disputes arising out of the contracts." (Pl.'s Br. at 3, Docket # 199.)

Man Wah's Eighteenth Affirmative Defense alleged that Raffel's claims of common law misappropriation and unjust enrichment were barred under the doctrine of preemption. (Docket # 133 at ¶ 282.) The affirmative defense simply alleged that the claims were barred by preemption, nothing more. I struck the defense because the lack of factual detail in support of preemption made it impossible to determine whether the defense was legally sufficient. (Docket # 189 at 11.) In its amended affirmative defense (now pled as the

2
Case 2:18-cv-01765-NJ   Filed 10/30/20   Page 2 of 7   Document 235

Sixteenth Affirmative Defense), Man Wah expounds on its claim, stating that there are no facts alleged in support of Raffel's common law misappropriation and unjust enrichment claims (Raffel's Seventh and Eighth Claims for Relief) that are different from the facts alleged in support of Raffel's claim of Trade Dress Infringement/Dilution under the Lanham Act. (Sixteenth Affirmative Defense at ¶¶ 277–78, Docket # 193.) Raffel again moves to strike this affirmative defense, arguing that Man Wah pleads conclusory allegations and that even the conclusory allegations, on their face, demonstrate that no preemption issues exist. (Pl.'s Br. at 10–11.)

## ANALYSIS

Raffel argues that the forum selection clause contained in the two supplier contracts bars Man Wah's breach of contract counterclaims; thus, Man Wah's Eleventh and Fourteenth Counterclaims must be dismissed. Raffel further argues that Man Wah's Sixteenth Affirmative Defense is inadequately pled. I will address each argument in turn.

   1.   *Breach of Contract Counterclaims (Counterclaims Eleven and Fourteen)*

As an initial matter, the parties do not agree on the legal standard governing Raffel's motion to dismiss the breach of contract counterclaims. Raffel continues to move for dismissal pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted (Pl.'s Br. at 2); whereas Man Wah asserts that Raffel's motion to dismiss, now based on a forum selection clause in the two supplier contracts, invokes Rule 12(b)(3), governing dismissal for improper venue (Defs' Resp. Br. at 6, Docket # 205). In *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49 (2013), the Supreme Court noted that an *amicus* before the Court argued that a defendant in a breach of contract action should be able to obtain dismissal under Rule 12(b)(6) if the plaintiff files suit in a district

other than the one specified in a valid forum selection clause. *Id.* at 61. The Court declined to consider this issue because the petitioner had not filed its motion pursuant to Rule 12(b)(6) and the parties did not brief it as such. *Id.* The Court did say, however, that:

> Even if a defendant could use Rule 12(b)(6) to enforce a forum-selection clause, that would not change our conclusions that § 1406(a) and Rule 12(b)(3) are not proper mechanisms to enforce a forum-selection clause and that § 1404(a) and the *forum non conveniens* doctrine provide appropriate enforcement mechanisms.

*Id.* The Court further stated:

> We observe, moreover, that a motion under Rule 12(b)(6), unlike a motion under § 1404(a) or the *forum non conveniens* doctrine, may lead to a jury trial on venue if issues of material fact relating to the validity of the forum-selection clause arise. Even if Professor Sachs is ultimately correct, therefore, defendants would have sensible reasons to invoke § 1404(a) or the *forum non conveniens* doctrine in addition to Rule 12(b)(6).

*Id.* at 61 n.4. Thus, the Supreme Court makes clear that Rule 12(b)(3) is *not* a proper mechanism to enforce a forum selection clause and that when a party is attempting to defensively enforce a forum selection clause, it is "sensible" to invoke the *forum non conveniens* doctrine in addition to Rule 12(b)(6). In this case, Raffel moves to dismiss only pursuant to Rule 12(b)(6), perhaps because the *forum non conveniens* analysis presupposes a valid forum selection clause, *see Atl. Marine Const. Co.*, 571 U.S. at 62 n.5, and Raffel does not concede that the supplier contracts are valid. In fact, Raffel emphatically disputes Man Wah's allegations of an agency relationship between Raffel and Xiamen Raffel binding Raffel to the contracts. (Pl.'s Br. at 4–5; Docket # 133-1 and 133-2.) Raffel cannot have it both ways. It cannot, on the one hand, use the supplier contracts to obtain dismissal of Man Wah's counterclaims, while on the other hand argue that the contracts are invalid. Because Raffel raises issues of material fact as to the validity of the contract, I cannot address Raffel's

motion as raised. Thus, Raffel's motion to dismiss the Eleventh and Fourteenth Counterclaims is denied.

    2.    *Preemption (Sixteenth Affirmative Defense)*

Raffel moves to strike Man Wah's Sixteenth Affirmative Defense—that Raffel's claims of common law misappropriation and unjust enrichment are barred under the doctrine of preemption. Pursuant to Rule 12(f), the Court can strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *Delta Consulting Group, Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009). "Affirmative defenses will be stricken 'only when they are insufficient on the face of the pleadings.'" *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (quoting *Heller Fin. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)). "[B]ecause affirmative defenses are subject to the pleading requirements of the Federal Rules of Civil Procedure, they must set forth a 'short and plain statement' of all the material elements of the defense asserted; bare legal conclusions are not sufficient." *Id.* (citing *Heller*, 883 F.2d at 1294).

Under the Supremacy Clause, state law that conflicts with federal law is without effect. *Ultra-Precision Mfg., Ltd. v. Ford Motor Co.*, 411 F.3d 1369, 1377 (Fed. Cir. 2005). Preemption can be any of three types: explicit, field, or conflict preemption. *Id.* In *Ultra-Precision*, the Federal Circuit explained that because federal patent law does not provide explicit preemption and because Congress does not intend to occupy exclusively the field of unjust enrichment law, the relevant issue is conflict preemption. *Id.* Conflict preemption occurs when state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id.* at 1378 (quotations and citations omitted).

Man Wah argues that it wishes to put Raffel and the Court on notice that there is a *potential* conflict between Raffel's misappropriation and unjust enrichment claims and Raffel's claims for Trademark Infringement/Dilution under the Lanham Act. (Man Wah Resp. Br. at 14, Docket # 205.) Man Wah alleges that Raffel's claims of common law misappropriation and unjust enrichment rest on the exact same facts as its claim of Trade Dress Infringement/Dilution under the Lanham Act. (Am. Sixteenth Affirm. Defense at ¶¶ 277–78, Docket # 193.) Man Wah alleges that to the extent Raffel seeks additional common law remedies on the basis of the same alleged facts as its Lanham Act claim, the remedies are preempted. (*Id.* ¶ 278.) It argues that "states are free to enact laws where the protections are different (and additional to) the protections of the Lanham Act [b]ut conflict *does* exist where the state law does nothing more than piggyback on a finding of Lanham Act trademark infringement and imposes additional damages or removes substantive requirements . . . ." (Defs.' Br. at 15.)

The Seventh Circuit, however, has found that "the Lanham Act has not been interpreted as a statute with broad preemptive reach," *JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 919 (7th Cir. 2007), and courts that have addressed the issue of preemption in conjunction with the Lanham Act have generally found that "the Lanham Act preempts only state laws that would provide less protection than the Lanham Act," *TrueNorth Companies, L.C. v. TruNorth Warranty Plans of N. Am., LLC*, 423 F. Supp. 3d 604, 620 (N.D. Iowa 2019). "This means that if the state and federal law are equivalent, there is no preemption issue." *TrueNorth Companies, L.C.*, 423 F. Supp. 3d at 621.

Man Wah does not allege that the common law claims of misappropriation and unjust enrichment provides less protection than the Lanham Act. Rather, Man Wah alleges

that Raffel is claiming *more* protections (and effectively double-dipping in damages) by asserting both common law and Lanham Act claims. Federal law does not preempt state law providing additional protections, but preempts state laws which directly conflict with its provisions or purposes by permitting an erosion of rights. *Id.* (citing *Storer Cable Commc'ns v. City of Montgomery, Ala.*, 806 F. Supp. 1518, 1540 (M.D. Ala. 1992)). There is no authority, as Man Wah claims, that the state's relief must be *different* than the relief provided by the Lanham Act to avoid preemption.

For these reasons, I find that Man Wah's Sixteenth Affirmative Defense is insufficient on its face and will be stricken.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Raffel's Motion to Dismiss and/or Strike (Docket # 198) is **GRANTED IN PART AND DENIED IN PART**. Raffel's Motion to Dismiss Man Wah's Eleventh and Fourteenth Counterclaims is **DENIED**. Raffel's Motion to Strike Man Wah's Sixteenth Affirmative Defense is **GRANTED**.

**IT IS FURTHER ORDERED** that Man Wah's motion to seal (Docket # 204) and Raffel's motion to seal (Docket # 213) are **GRANTED**.

Dated at Milwaukee, Wisconsin this 30th day of October, 2020.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge