# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RAFFEL SYSTEMS, LLC,**

    Plaintiff,

    v.                                               Case No. 18-CV-1765

**MAN WAH HOLDINGS LTD., INC.,
MAN WAH (USA) INC., and XYZ
COMPANIES 1-10,**

    Defendants.

## DECISION AND ORDER ON DEFENDANTS' EXPEDITED MOTION TO RECONSIDER FORMAT OF INVENTORSHIP BENCH TRIAL

    Man Wah sought a hearing under Fed. R. Civ. P. 42(b) to correct inventorship of the utility patents at issue in this case pursuant to 35 U.S.C. § 256. Man Wah's motion was granted, and a two-day bench trial on the inventorship issue is scheduled to begin on Monday, November 16, 2020. During a status conference on September 30, 2020, I instructed the parties to confer on whether they wished to proceed with the bench trial in person or via videoconference due to concerns related to the ongoing COVID-19 pandemic. (Docket # 223.) In a letter dated October 9, 2020, the parties informed the Court that they could not agree on whether to hold the bench trial in person or via videoconference. (Docket # 226.) The parties stated that while Man Wah prefers the inventorship hearing be conducted remotely by video, Raffel prefers an in-person hearing so that the Court could better consider the credibility of the witnesses. (*Id.*)

    A final pretrial conference was held on November 9, 2020. Man Wah again expressed its desire to hold the hearing by video, citing health concerns for its staff and witnesses due to COVID-19. (Docket # 256.) Raffel argued the hearing should be in person as the credibility of

Burwell will be front and center, and his credibility can be better assessed in person. While I offered the parties the option of having a hybrid hearing (i.e., defense presenting its evidence via video while plaintiff presents its evidence in person), Man Wah argued it would be prejudiced by this method. Thus, I ordered the bench trial to be conducted in person, with one witness appearing remotely.

On November 12, 2020, Man Wah filed the current motion, imploring the Court to reconsider its decision regarding the format of the inventorship hearing. (Docket # 260.) Man Wah argues subsequent to the final pretrial hearing, on November 10, 2020, Wisconsin Governor Tony Evers announced Executive Order No. 94, recommending that all individuals stay at home whenever possible, strongly encouraging businesses to facilitate remote work and other measures to limit contact to the greatest extent possible, and to limit travel if possible. *See* Executive Order # 94, https://evers.wi.gov/Documents/COVID19/EO094-COVIDRecommendations.pdf. Man Wah further cites to the increasing problems related to COVID-19 in Wisconsin, including hospitals nearing full capacity for treating patients and the fact that all but seven Wisconsin counties reflect critically high case rates. (*Id.* at 1–2.) Man Wah reiterates its position, however, that "principles of fairness require that the format be the same for both parties involved—whether by Zoom or in person." (*Id.* at 2.)

Raffel objects to Man Wah's motion. (Docket # 261.) Raffel asserts that Man Wah is "trying to leverage the COVID-19 crisis to garner a litigation advantage" and argues that Governor Evers' order does not prohibit or prevent the bench proceedings ordered by the Court. (*Id.* at 1.) Raffel reiterates that it would suffer "significant prejudice" if "denied the opportunity to cross-examine Mr. Burwell in person," given the centrality of Burwell's credibility to the case. (*Id.* at 2.)

2

Although Fed. R. Civ. P. 43 generally provides that "[a]t trial, the witnesses' testimony must be taken in open court," it also provides that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). Using the discretion afforded by Rule 43(a), courts have allowed testimony to be presented at trial via videoconference where there existed "good cause and compelling circumstances" to do so. *See Argonaut Ins. Co. v. Manetta Enterprises, Inc.,* No. 19CV00482PKCRLM, 2020 WL 3104033, at *1 (E.D.N.Y. June 11, 2020) (collecting cases). In *In re RFC & ResCap Liquidating Tr. Action*, 444 F. Supp. 3d 967 (D. Minn. 2020), the district court held that the COVID-19 pandemic and its impact on the parties' and witnesses' ability to appear in-person in court constituted "good cause and compelling circumstances" under FRCP 43(a) to permit defense witnesses to testify at a bench trial via videoconference. *Id.* at 970. The court acknowledged that "[c]onducting a trial by videoconference is certainly not the same as conducting a trial where witnesses testify in the same room as the factfinder . . . [c]ertain features of testimony useful to evaluating credibility and persuasiveness, such as '[t]he immediacy of a living person' can be lost with video technology, and the 'ability to observe demeanor, central to the fact-finding process, may be lessened[.]'" *Id.* (internal citations and quotations omitted).

Despite these shortcomings, however, the *RFC* court concluded that advances in technology minimize these concerns. *Id.* "The near-instantaneous transmission of video testimony through current technology permits 'the jury [or, in a bench trial, the Court] to see the live witness along with his hesitation, his doubts, his variations of language, his confidence or precipitancy, [and] his calmness or consideration[.]'" *Id.* (internal citation omitted). The court found that "[g]iven the speed and clarity of modern videoconference technology, where good cause and

compelling circumstances are shown, such testimony 'satisfies the goals of live, in-person testimony and avoids the short-comings of deposition testimony.'" *Id.* at 971. Furthermore, the Advisory Committee Notes to Rule 43(a) state that the use of "[c]ontemporaneous transmission may be better than an attempt to reschedule the trial[.]"

Upon further reflection, I find that there is good cause and compelling circumstances that justify conducting the inventorship hearing via videoconference. As the *RFC* court found, "the occurrence of COVID-19—and its impact on the health and safety of the parties and witnesses— is undoubtably an 'unexpected' occurrence that nevertheless still permits witnesses 'to testify from a different place,'" as contemplated by Rule 43(a). *Id.* at 971. Raffel argues that Governor Evers' November 10, 2020 Executive Order does not reflect "dramatically changed circumstances since Monday" and states that the Order does not prohibit in-person court proceedings. (Docket # 261 at 1.) While it is true that Governor Evers' Executive Order is merely a "strong recommendation," that does not lessen the severity of the current situation or the fact that the citizens of Wisconsin are being asked to conduct business online or by phone whenever possible. Indeed, the virus spread in Wisconsin is alarming. Yesterday saw the highest single-day number of positive test results—7,497—and 36.4% of those who were tested have tested positive. Wisconsin Department of Health Services, https://www.dhs.wisconsin.gov/covid-19/disease.htm. Milwaukee County has topped 54,000 cases. https://www.dhs.wisconsin.gov/covid-19/county.htm#case%20death. Hospitals in the southeast region of the state are at 93% capacity; statewide are at 89% capacity. https://www.dhs.wisconsin.gov/covid-19/hosp-data.htm#capabilities. Specifically, as to the courthouse building, although the court has significantly reduced the number of in-person proceedings and encouraged remote working, there has been an increase in the number of

workers in the building who have tested positive for COVID-19. Accordingly, although the court has taken precautions to lessen the possibility of transmission (such as plexiglass and masks), the current state of the community spread in Wisconsin and the Governor's recommendation counsel in favor of conducting the hearing via video.

Additionally, that witnesses and attorneys would have to travel from out of the state for the hearing also favors proceeding by videoconference. Air travel is not advisable right now. Center for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/travelers/travel-during-covid19.html.

While I appreciate Raffel's concerns about assessing the witnesses' credibility, particularly Burwell's, I am confident that conducting the hearing by video will allow me to properly hear their testimony, observe their demeanor, and overall evaluate their credibility. In fact, as I indicated at the final pretrial hearing, I will be able to get an even closer look at Burwell's and the other witnesses' faces via videoconference than I could during an in-person hearing. Again, this is a bench trial where there is a single fact-finder as opposed to a jury trial with multiple fact-finders needing to hear and view the testimony. As the *RFC* court aptly stated: "If this were a jury trial, [ ] concerns about clarity would perhaps be heightened. However, as this is a bench trial, [and] the Court is confident it will adequately understand [the witnesses'] testimony, even through videoconference technology." 444 F. Supp. 3d at 972. Finally, given the uncertainty with how long the COVID-19 pandemic will be interrupting our daily lives and court operations, the use of "[c]ontemporaneous transmission" for remote testimony is absolutely preferable over "an attempt to reschedule the trial[.]" *See* Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment.

For these reasons, Man Wah's motion to reconsider the format of the trial is granted. The inventorship hearing will be conducted via Zoom. The Deputy Clerk is ordered to set up the videoconference for Monday, November 16, 2020 at 9:00 a.m.

Dated at Milwaukee, Wisconsin this 13th day of November, 2020.

BY THE COURT

*Nancy Joseph*
_____
NANCY JOSEPH
United States Magistrate Judge