# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

RAFFEL SYSTEMS, LLC,

    Plaintiff,

    v.                            Case No. 18-CV-1765

MAN WAH HOLDINGS LTD, INC.,
MAN WAH (USA) INC., and XYZ
COMPANIES 1-10,

    Defendants.

## DECISION AND ORDER ON PLAINTIFF'S MOTION TO STAY

Plaintiff Raffel Systems, LLC alleges that defendants Man Wah Holdings Ltd., Inc., Man Wah (USA) Inc., and XYZ Companies 1–10 (collectively "Man Wah") infringed its U.S. Patent No. D821,986 ("the '986 patent"). (Docket # 108 at 50–51, ¶¶ 241–46.) Man Wah has counterclaimed seeking a declaration of invalidity and unenforceability of the '986 patent. (Docket # 103 at 43, ¶¶ 81–85.) On July 1, 2020, the Patent Trial and Appeal Board ("PTAB") invalidated the '986 patent based upon application of the on-sale bar. (Docket # 304, ¶ 6) Raffel has appealed the PTAB's decision invalidating the '986 patent and the issue has been fully briefed before the United States Court of Appeals for the Federal Circuit, with oral argument scheduled for June 8, 2021. (*Id.* ¶ 11.)

Currently pending before me are the parties' cross-motions for summary judgment. Man Wah moves for summary judgment in its favor on its counterclaim declaring the '986 patent invalid pursuant to 35 U.S.C. § 102(a)(1), the on-sale bar. (Docket # 295.) Raffel now moves to stay litigation on the '986 patent pending in this Court until the Federal Circuit

resolves the pending appeal. (Docket # 304.) Raffel argues that invalidity decisions on grounds in parallel PTO proceedings are binding in concurrent infringement litigation; thus, a stay will simplify the issues and reduce the burden of litigation on the parties and the court. (*Id.* ¶¶ 13–16.) Man Wah opposes the stay, arguing that it will prejudice the defendants because Man Wah was forced to expend significant resources showing the invalidity of the '986 patent because Raffel was unwilling to remove the '986 patent from this lawsuit. (Docket # 306.) Man Wah further argues that it has already expended resources to prepare an expert report and a motion for summary judgment, including presenting unrebutted expert testimony and certain evidence supporting the on-sale bar that was not before the PTAB and therefore not before the Federal Circuit. (*Id.*)

Man Wah does not address Raffel's argument that invalidity decisions in parallel PTO proceedings are binding on pending district court litigation. *See Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("[W]hen a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot."). The Federal Circuit has found that a stay is appropriate when "the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue." *Slip Track Sys. v. Metal Lite*, 159 F.3d 1337, 1341 (Fed. Cir. 1998).

Because the decision of the Federal Circuit on the validity of the '986 patent is binding on this Court and may resolve both Man Wah's counterclaim and Raffel's infringement claim, I will grant Raffel's request to stay litigation as to the '986 patent. The parties are to provide an update to the Court when a decision is reached on the validity of the '986 patent.

**ORDER**

**NOW, THEREFORE, IS IT ORDERED** that the plaintiff's motion to stay (Docket # 304) is **GRANTED**. Litigation is stayed as to the '986 patent pending decision of the Federal Circuit.

Dated at Milwaukee, Wisconsin this 21st day of May, 2021.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge