# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RAFFEL SYSTEMS, LLC,**

    Plaintiff,

    v.                           Case No. 18-CV-1765

**MAN WAH HOLDINGS LTD, INC.,
MAN WAH (USA) INC., and XYZ
COMPANIES 1-10,**

    Defendants.

## DECISION AND ORDER ON PLAINTIFF'S RULE 54(B) MOTION FOR RECONSIDERATION

    Raffel Systems, LLC alleges that it is the owner by assignment of all rights, titles, and interests in five utility patents for lighted cup holders for seating arrangements and one design patent for the ornamental design of the cup holders. Raffel sued Man Wah Holdings Ltd., Inc., Man Wah (USA) Inc., and XYZ Companies 1–10 (collectively "Man Wah") on fifteen grounds, including false marking, patent infringement, trade dress infringement, and breach of contract. (Fourth Am. Compl., Docket # 108.) Man Wah brought twenty-eight counterclaims against Raffel, alleging, among other causes of action, non- infringement and invalidity/unenforceability of the patents at issue and breach of contract. (Am. Answer and Counterclaims, Docket # 193.) Both parties filed cross-motions for summary judgment and both motions were granted in part and denied in part. (Docket # 361.)

    Presently before me is Raffel's motion for reconsideration pursuant to Fed. R. Civ. P. 54(b). (Docket # 366.) Raffel challenges two aspects of the summary judgment decision: (1) that Man Wah's counterfeit cup holders do not infringe certain of the Asserted Claims

because they do not include a non-removable flange; and (2) that Man Wah's counterfeit cup holder designs do not infringe Raffel's '252 Patent Design because they feature dimples, rendering them plainly dissimilar as a matter of law. (Docket # 367-1 at 3.) Raffel argues that for each ruling, the Court "relied on limited evidence submitted by Man Wah while disregarding or discrediting expert testimony and other evidence that plainly contradict that limited evidence." (*Id.*) Raffel further contends that the Court usurped the jury's role of resolving factual disputes. (*Id.*) For the reasons explained below, Raffel's motion for reconsideration is denied.

## RECONSIDERATION STANDARD

Again, Raffel asks the Court to reconsider portions of the summary judgment decision pursuant to Fed. R. Civ. P. 54(b). Rule 54(b) allows a court to exercise its inherent authority to reconsider nonfinal orders. *See Civix-DDI, LLC v. Hotels.com, LP*, 904 F. Supp. 2d 864, 866 (N.D. Ill. 2012) (citing *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) ("Every order short of a final decree is subject to reopening at the discretions of the . . . judge."). A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665–66 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984) ). While "[a] court has the power to revisit prior decisions of its own," courts "should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983) ). In general, "litigants must fight an uphill battle in order to prevail on a

2

motion for reconsideration." *United Air Lines, Inc. v. ALG, Inc.*, 916 F. Supp. 793, 795 (N.D. Ill. 1996).

**ANALYSIS**

Raffel does not present newly discovered evidence; rather, it argues the Court made a manifest error of law by overlooking or ignoring conflicting evidence that it asserts created a triable issue of fact on Raffel's infringement claims. As stated above, Raffel challenges the following aspects of the summary judgment decision: (1) that Man Wah's counterfeit cup holders do not infringe certain of the Asserted Claims because they do not include a non-removable flange; and (2) that Man Wah's counterfeit cup holder designs do not infringe Raffel's '252 Patent Design because they feature dimples, rendering them plainly dissimilar as a matter of law. (Docket # 367-1 at 3.) I will address each argument in turn.

    1.    *Non-Removable Flange*

During the claim construction phase of this litigation, the parties disputed the meaning of the term "flange." (Docket # 361 at 10.) I construed "flange" as "non-removable, attached to the cup holder body as a single unit." (*Id.* at 11.) At summary judgment, I analyzed whether the accused cup holder literally infringed Raffel's patents or infringed under the doctrine of equivalents. (*Id.* at 11–15.) As to literal infringement, Man Wah argued at summary judgment that the accused cupholders did not contain the "flange" requirement because the flange on the accused products are removable. (*Id.*) Raffel argued that the flange on the accused cup holders is only removable through destructive means; thus, it was, in fact, non-removable. (*Id.*)

I determined that the flange of the accused product is removable while Raffel's flange is not; thus, the accused products do not literally infringe Raffel's patent as a matter of law.

3

(Docket # 361 at 12–13.) In so finding, I considered the evidence presented by both Raffel's expert, Professor Ronald Kemnitzer, and Man Wah's expert, Steven Rica. (*Id.*) Raffel argues on reconsideration that I misapprehended Ricca's testimony regarding the significance of the hot glue in the removability analysis. (Docket # 367-1 at 6.) Raffel argues that Ricca's testimony actually demonstrates that the hot glue is functional and operative, not merely adhesive as Man Wah argued. (*Id.*) These are the precise arguments presented to me and resolved on summary judgment. I determined that it was Raffel who misconstrued Ricca's testimony regarding the purpose of the hot glue. (Docket # 361 at 12–13.) I further considered the photographic evidence of the flange of the accused cup holder removed from the body without destruction of either piece in coming to my conclusion. (*Id.* at 13.) While Raffel may disagree with my conclusion, Raffel clearly rehashes previously rejected arguments. This is an improper basis for reconsideration. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

Raffel further argues that I impermissibly resolved a factual dispute best left to a jury by crediting Man Wah's expert over Raffel's. (Docket # 378-1 at 6.) Raffel argues that "the Court made no mention of Professor Kemnitzer's opinions on removability" and that Kemnitzer's "opinions alone create triable issues of fact on these claims." (*Id.*) To say the Court made no mention of Raffel's expert's opinion is inaccurate. (*See* Docket # 361 at 12, 14–15.) In considering whether the accused products literally infringed or infringed under the doctrine of equivalents, I addressed and analyzed Kemnitzer's report. (*Id.*) As to literal infringement, the sum total of Kemnitzer's "opinion" is as follows:

> Specifically, the flange of the Accused Products is non-removable and attached to the cup holder as a single body. In inspecting the Accused Products and also reviewing the claim charts, I have concluded that their flange is non-removable and is attached to the cup holder as a single body.

4

(Docket # 303-8 at ¶ 31.) This "opinion" merely restates the definition of "flange" as construed by the Court, and follows with a conclusory assertion that the accused product's flange meets the definition. This is the equivalent of simply opining that the accused product does, indeed, infringe Raffel's patent.

Similarly, regarding infringement under the doctrine of equivalents, Kemnitzer states as follows:

> While it is my opinion that the Accused Products literally infringe all claims that have the term "flange," and specifically that there are not any differences between these claim limitations and the Accused Products, let alone any other differences that are substantial, it also is my opinion that if the "flange" claim limitation is found not to be literally present, any differences would be insubstantial and, therefore, the Accused Products would infringe the "flange" limitation under the Doctrine of Equivalents. Specifically, it is also my opinion that the Accused Products contain elements that perform substantially the same function as the claimed "flange" limitations of the Patents-in-Suit in substantially the same way to obtain substantially the same result.

(Docket # 303-8 at ¶ 30.) As explained in the summary judgment decision, Kemnitzer does nothing more than make a conclusory statement that the difference between the two flanges is insubstantial and that the flange of the accused product would meet the function-way-result test. (Docket # 361 at 14.) I "need not credit conclusory statements by experts and need not find such statements sufficient to raise material factual disputes." *Horizon Pharma, Inc. v. Dr. Reddy's Lab'ys Inc.*, 839 F. App'x 500, 503–04 (Fed. Cir. 2021) (internal quotation and citation omitted). *See also Invitrogen Corp. v. Clontech Lab'ys, Inc.*, 429 F.3d 1052, 1080 (Fed. Cir. 2005) ("A party does not manufacture more than a merely colorable dispute simply by submitting an expert declaration asserting that something is black when the moving party's expert says it is white; there must be some foundation or basis for the opinion.").

5

Again, Raffel's disagreement with this Court's analysis and conclusion does not amount to a manifest error of law warranting reconsideration. As such, Raffel's motion for reconsideration of this aspect of the summary judgment decision is denied.

   2.   *Design Patent Infringement*

Raffel further argues the Court erred in granting summary judgment to Man Wah on Raffel's design infringement claim by failing "to explain how or why the existence of dimples trumps and negates the totality of Kemnitzer's analysis, which appropriately applies the standards set forth by the Federal Circuit." (Docket # 378-1 at 9.) Regarding the overall visual appearance of the cup holders, Raffel does not dispute that the flange is the primary focal point. (Docket # 378-1 at 9.) At summary judgment, Raffel relied primarily on Kemnitzer's opinion in support of its argument that the overall appearance of the accused Man Wah products would appear substantially the same as the overall appearance of the D252 Patent design in the eye of an ordinary observer who is familiar with the prior art. (Docket # 361 at 38.) Kemnitzer opined that the:

> [O]nly visible difference in this element is the indication of an inscribed line around the perimeter of the extended portion of the flange in the D252 design while the accused product has no such visual detail. In my opinion this visual difference is so minor as to be immaterial to an Ordinary Observer in the overall visual perception of the product.

(Docket # 303-8 at ¶ 77.) I found that Kemnitzer's opinion completely failed to address the most obvious, significant visual difference between the two cup holders—the dimpled versus smooth appearance of the flange. (Docket # 361 at 39.) I explained that the flange was the most prominent part of the cup holder as it is the only part the customers see. (*Id.* at 40.) I found that when the claimed and accused design are "sufficiently distinct" and "plainly dissimilar," the patentee fails to meet its burden of proving infringement as a matter of law

6

and thus granted summary judgment to Man Wah. (*Id.* (citing *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015).) While Raffel asserts that the Court "failed to explain how or why the existence of dimples trumps and negates the totality of Kemnitzer's analysis," (Docket # 378-1 at 9), I clearly explain why the dimpled appearance is so important (again, because it is the most prominent, obvious difference between the two flanges, with the flanges being the focal point of the cup holders). Once again, Raffel's argument amounts to a rehashing of previously rejected arguments, which is an improper ground for reconsideration. Raffel's disagreement with the Court's analysis and conclusions does not amount to a manifest error of law. For these reasons, reconsideration is denied.

## ORDER

N**OW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's motion for reconsideration (Docket # 366) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motions to seal (Docket # 365) and (Docket # 377) are **GRANTED**.

Dated at Milwaukee, Wisconsin this 18th day of January, 2022.

BY THE COURT

*[signature]*

NANCY JOSEPH
United States Magistrate Judge