UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**RAFFEL SYSTEMS, LLC,**

    Plaintiff,

  v.                                Case No. 18-CV-1765

**MAN WAH HOLDINGS LTD, INC.,**
**MAN WAH (USA) INC., and XYZ**
**COMPANIES 1-10,**

    Defendants.

## ORDER ON PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT

Following a ten-day trial, on June 17, 2022, the jury returned a special verdict awarding damages in favor of the plaintiff, Raffel Systems, LLC, and against the defendants, Man Wah Holdings LTD, Inc. and Man Wah (USA) Inc. (collectively "Man Wah"). (Docket # 439.) Presently before me is Raffel's request that final judgment be entered immediately in accordance with Fed. R. Civ. P. 58(b)(2)(A). (Docket # 446, Docket # 449, Docket # 453.) Man Wah opposes the request. (Docket # 447, Docket # 452.) For the reasons explained below, I will not enter final judgment at this time and will set a briefing schedule to address post-verdict motions.

## ANALYSIS

The jury awarded Raffel $106,267,317.00 in damages, consisting of $6,981,617.00 on its trade dress infringement claim, $98,500,00.00 on its misappropriation claim, $425,300.00 on its patent infringement claim, and $360,400.00 on its false patent marking claim. (Docket # 439.) Of the $98.5 million awarded on Raffel's claim for the common law tort of

misappropriation, $97.5 million consists of an award of punitive damages while $1 million was awarded in compensatory damages. (*Id.* at 3.)

Both parties have indicated they intend to file post-trial motions. Raffel intends to seek attorney's fees and costs (Docket # 447-1 at 2) while Man Wah intends to challenge the jury's punitive damages award and issues related to duplicative recovery (*id.*) Specifically, regarding the punitive damages award, Man Wah argues the jury's award of $97.5 million exceeds Wisconsin's statutory damages cap which limits recovery of punitive damages to "twice the amount of any compensatory damages recovered by the plaintiff or $200,000, whichever is greater." Wis. Stat. § 895.043(6). In other words, Man Wah argues that the punitive damages award should be reduced to $2 million. Raffel has indicated, however, that it intends to challenge the applicability of Wisconsin's damages cap. (Docket # 449 at 1 n.1.)

Invoking Rule 58(b)(2)(A), Raffel argues that judgment should be entered immediately to trigger the parties' ability to file post-verdict motions. Man Wah counters that the Court should address all post-trial issues prior to entering judgment, or at the very least, address the statutory damages cap on the punitive damages award prior to judgment.

Fed. R. Civ. P. 58(b)(2)(A) provides that the court "must promptly approve the form of the judgment, which the clerk must promptly enter, when: (A) the jury returns a special verdict or a general verdict with answers to written questions." While Rule 58 speaks of the court acting "promptly," it is well within the district court's discretion to delay entry of final judgment while addressing post-verdict motions. *Passananti v. Cook Cnty.*, 689 F.3d 655 (7th Cir. 2012) is instructive. In *Passananti*, the district court entered judgment after ruling on the defendants' Rule 50(b) motion, rather than immediately after the jury verdict was returned. *Id.* at 661. Despite Rule 50(b) stating that the motion must be filed "no later than 28 days after

the entry of judgment"; the *Passananti* court found that because the district court did not enter judgment immediately after the verdict was returned, the defendants' Rule 50(b) was timely. *Id.* In other words, despite Rule 50(b) requiring such motions be filed no later than 28 days after the entry of judgment, the court did not interpret the rule as requiring a judgment be entered to trigger a party's ability to file the motion.

The plaintiff then "[took] the argument a step further" and argued that the district court committed reversible error under Rule 58 by failing to enter judgment on the jury's verdict "promptly." *Id.* Plaintiff argued that had judgment been entered "promptly," the defendants' Rule 50(b) motion would have been late. *Id.* The Seventh Circuit rejected this argument, stating:

> We put aside the ability of parties to rely on the district court's decision not to enter judgment immediately, for the argument still lacks merit. Rule 58 provides that the clerk of the court, without awaiting the court's direction, must promptly prepare, sign, and enter the judgment when a jury returns a general verdict, *unless the court orders otherwise.* Fed. R. Civ .P. 58(b)(1)(A). The jury reached its verdict in this matter on June 10. On June 22, the court held a status conference and ordered the defense to file its Rule 50(b) motion by July 21. In other words, the court ordered otherwise.

*Id.* The Seventh Circuit, while acknowledging that Rule 58 "makes prompt entry of judgment the norm," states that district courts nevertheless "have ample discretion to manage their cases and to delay entry of judgment if there are sound reasons to do so." *Id.* As such, the court found "no abuse of discretion in the district court's decision to postpone entry of judgment for four months in this case while it considered and eventually granted the defendants' motion." *Id.*

The district court's course of action in *Epic Sys. Corp. v. Tata Consultancy Servs. Ltd.*, No. 14-CV-748-WMC, 2017 WL 4357993 (W.D. Wis. Sept. 29, 2017) is also instructive. In *Epic Sys.*, the plaintiff asserted a variety of federal and state law claims arising out of defendants

3

repeatedly accessing plaintiff's web portal without authorization while servicing a mutual client. *Id.* at *1. These claims included: breach of contract, trafficking of passwords, fraudulent misrepresentation, misappropriation of trade secrets, unfair competition, unjust enrichment, and deprivation of property. (Docket # 855 in Case No. 14-CV-748.) After a ten-day jury trial, a jury returned a verdict in favor of the plaintiff and against the defendants on all of the plaintiff's claims. In a special verdict form dated April 15, 2016, the jury awarded plaintiff $240 million in compensatory damages and $700 million in punitive damages. (Docket # 871 in Case No. 14-CV-748.)

The next day, the district court provided a briefing schedule to file post-trial motions, including the defendants' challenge to the compensatory and punitive damages verdicts. (Docket # 875 in Case No. 14-CV-748.) In a written decision dated September 29, 2017, the court ultimately reduced the plaintiff's compensatory damages award to $140 million. *Epic Sys.*, 2017 WL 4357993 at *5 (finding "a further award of $100 million strikes the court as both excessive and without sufficient mooring in the facts of record"). The parties both acknowledged the applicability of Wisconsin's statutory punitive damages cap of "no more than two times the amount of compensatory damages"; thus, the bulk of the parties' arguments rested on whether a punitive damage award of $280 million violated the defendants' due process rights. *Id.* at *7–9. The court ultimately found that $280 million in punitive damages was not excessive (although the Seventh Circuit ultimately disagreed, reducing the punitive damage award to $140 million, *see Epic Sys. Corp. v. Tata Consultancy Servs. Ltd.*, 980 F.3d 1117, 1145 (7th Cir. 2020)), and judgment was entered on October 3, 2017 (Docket # 978 in Case No. 14-CV-748), more than a year after the jury returned its verdict.

I find there are sound reasons in this case to delay entry of final judgment. Again, the bulk of the jury's verdict consists of its $97.5 million punitive damages award. Wisconsin has a statutory cap on punitive damages, Wis. Stat. § 895.043(6), that has been applied to torts such as misappropriation of trade secrets, fraudulent misrepresentation, and unfair competition. *See Epic Sys. Corp. v. Tata Consultancy Servs. Ltd.*, 980 F.3d at 1138, 1145. Raffel, however, intends to challenge the applicability of the punitive damages cap. (Docket # 449 at 1 n.1.) Given the parties' disagreement on this legal issue making up the bulk of the jury's damages award, it is prudent to first address the issue rather than entering a judgment potentially inconsistent with Wisconsin law.

Beyond the punitive damages award, the parties intend to raise additional issues such as costs, attorney's fees, and challenges to the compensatory damages awards. Given the scope of the disputes, all issues should be addressed prior to entering final judgment. Otherwise, the judgment may require multiple amendments. For these reasons, I will enter the following briefing schedule, suggested by the parties, for consideration of all post-verdict issues (Docket # 447-1 at 4):

1. Opening Briefs due no later than August 5, 2022;
2. Briefs in Opposition due no later than September 1, 2022; and
3. Reply briefs, if any, due September 23, 2022.

Consistent with the parties' discussions, I will allow the omnibus briefs to be no more than 40 pages in length. (*See id.* at 2.)

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that final judgment will not be entered at this time. The parties will abide by the following briefing schedule to address all post-verdict issues:

1. Opening Briefs due no later than August 5, 2022;
2. Briefs in Opposition due no later than September 1, 2022; and
3. Reply briefs, if any, due September 23, 2022.

Dated at Milwaukee, Wisconsin this 1st day of July, 2022.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge