UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RAFFEL SYSTEMS, LLC,

    Plaintiff,

v.

MAN WAH HOLDINGS LTD., INC.,
MAN WAH (USA) INC., and
XYZ COMPANIES 1-10,

    Defendants.

Case No. 2:18-cv-01765
Hon. Judge Nancy Joseph

### REPLY IN SUPPORT OF RAFFEL'S BILL OF COSTS

Pursuant to 28 U.S.C. § 1920, the Court should award Raffel its taxable costs as set forth below and detailed in Raffel's bill of costs and supporting documentation. (*See* Dkts. 468-72.)[1] Man Wah's opposition lodges two meritless objections and seeks reduction of various categories of costs. (Dkt. 488 at 36-38.) Subject to a few caveats outlined below, the Court should award the costs sought by Raffel.

### ARGUMENT

***Raffel's bill of costs is ripe.*** Man Wah's first baseless argument is that Raffel's bill of costs is premature, and should be resolved after appeal. (*Id.* at 36.) But that is not the law; in fact, it is well-settled that bills of costs should be resolved upon final judgment, not after appeal. *See Red Label Music Publ'g, Inc. v. Chila Prods.*, 2019 U.S. Dist. LEXIS 237518, at *4-5 (N.D. Ill. Aug. 7, 2019) ("As a general matter, the plaintiffs' hypothesis that the Court of Appeals might reverse

---

[1] Raffel submitted a separate bill of costs, as required by the Court's rules. Although Man Wah responded to this issue in its response brief, Raffel is submitting this reply separately as contemplated by the rules and this Court's briefing order.

the Court's judgment, therefore leaving fee and cost procedures looking like they were unnecessary, is not a sufficient justification for a stay. If it was, then the appellant would seek a stay of fee and cost procedures in the district court in every single case."); *Anheuser-Busch, Inc. v. Schnorf*, 2011 U.S. Dist. LEXIS 68, at *8-9, 13 (N.D. Ill. Jan. 3, 2011) (denying motion to stay briefing on costs and fees, noting that "district courts should rule on bills of costs as 'expeditiously as possible,' even while appeals are pending") (citing *Terket v. Lund*, 623 F.2d 29, 34 (7th Cir. 1980)); *McAllister v. Innovation Ventures LLC*, 2020 U.S. Dist. LEXIS 107353, at *3-4 (N.D. Ind. June 18, 2020) (denying motion to stay bill of costs pending appeal, noting that "an expeditious ruling on a bill of costs is favored to avoid piecemeal appeals") (citation omitted); *Elkins v. Quinn*, 2022 U.S. Dist. LEXIS 124196, at *3 (S.D. Ill. July 13, 2022) ("the mere filing of an appeal is not grounds to deny or defer ruling on a bill of costs. In fact, the district court should rule on the issue of costs while the appeal on the merits is pending because then the ruling on costs can be appealed and consolidated with the merits appeal, sparing the parties and the Seventh Circuit from piecemeal appeals.") (citations omitted).

   ***Raffel is the prevailing party.*** Likewise baseless is Man Wah's assertion that Raffel is not the prevailing party in this case. This ignores that Raffel (i) prevailed on every one of its claims at trial, claims that arose from its primary patent and trade dress rights in the ICH; (ii) secured judgment as a matter of law at trial on Man Wah's $7.5M breach of contract counterclaim; and (iii) prevailed on a slew of other defenses raised by Man Wah throughout the litigation, including its contrived inventorship defense, its motions to dismiss for lack of standing and failure to state a claim, and its allegations of inequitable conduct and ownership over Raffel's intellectual property rights. Thus, there is no question Raffel is the prevailing party. *See SSL Servs., LLC v. Citrix Sys.*, 769 F.3d 1073, 1086-87 (Fed. Cir. 2014) (patentee was prevailing party for awarding costs and

fees due to jury verdict of willful infringement and damages on one of its patent claims, despite "some success by Citrix in defending against some of SSL's [other] claims"); *Brumfield v. IBG LLC*, 2022 U.S. Dist. LEXIS 59947, at *9-11 (N.D. Ill. Mar. 31, 2022) (patentee was prevailing party because it "proved IBG infringed two of its patents, for which the jury awarded it more than $6 million dollars, a substantial victory," despite fact that 10 out of 12 asserted patents were invalidated and defendant rebutted claims of willfulness); *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. De C.V.*, 464 F.3d 1339, 1347 (Fed. Cir. 2006) ("The fact that a party does not prevail on all of its claims does not, however, preclude it from being the prevailing party for purposes of awarding costs under Rule 54(d)."); *Shum v. Intel Corp.*, 629 F.3d 1360, 1367-68 (Fed. Cir. 2011) ("A party is not required, however, to prevail on all claims in order to qualify as a prevailing party under Rule 54."); *Apple Inc. v. Samsung Elecs. Co.*, 2014 U.S. Dist. LEXIS 132830, at *66-67 (N.D. Cal. Sept. 19, 2014) (awarding costs to patentee as the prevailing party because jury found infringement and awarded damages on some claims, despite defendant's success on others); *San Diego Comic Convention v. Dan Farr Prods.*, 2019 U.S. Dist. LEXIS 64418, at *11-12 (S.D. Cal. Apr. 15, 2019) (awarding costs to trademark owner as the prevailing party due to jury award finding infringement, despite defendant's success on other claims).

***Man Wah's specific objections.*** Raffel agrees it may not recover costs already awarded as part of the contempt proceedings, for translating documents, and for daily transcripts.[2] But as explained below, the Court should reject Man Wah's objections pertaining to Raffel's costs for service of process, copying, and electronic discovery. These costs are taxable under § 1920, and were reasonable and necessary in the litigation. *See Northbrook Excess & Surplus Ins. Co. v.*

---

[2] Raffel has included a table at the conclusion of this brief that summarizes its bill of costs and tallies the total taxable costs requested by Raffel after removing these categories.

*Procter & Gamble Co.*, 924 F.2d 633, 642 (7th Cir. 1991). While the party seeking costs has to "provide the best breakdown obtainable from retained records," the Seventh Circuit recognizes that the preparation of a bill of costs can be expensive and can "easily negate any recovery that might be obtained." *Hecny Transp., Inc. v. Chu*, 2005 U.S. Dist. LEXIS 21041, at *7 (N.D. Ill. Sept. 23, 2005) (stating that invoices and office records would be sufficient to support substantial cost requests); *see also Northbrook*, 924 F.2d at 643 (party seeking costs does not have to "identify any document copied, the number of copies made of each original, or the copying cost per page"). Therefore, because Raffel's bill of costs includes the requisite invoices and business records necessary to show that its costs fall within § 1920 and Rule 54(d), the Court should award Raffel the costs it seeks.

**Alleged Duplicate Costs.** Man Wah asserts incorrectly that Raffel seeks unnecessary duplicate costs on service of the amended complaints on November 21, December 5, and December 13, 2018. (Dkt. 488 at 37.) Indeed, as the invoices reflect, the summonses for Man Wah Holdings Ltd. and Man Wah (USA) Inc. were served in Las Vegas and in High Point, North Carolina (despite multiple attempts by Man Wah to avoid service).

The November 21 invoice reflects that Raffel served Man Wah Holdings Ltd. and Man Wah (USA) Inc. in Las Vegas. (Dkts. 471-2 at 3-4; 10-11.) The Court subsequently issued amended summonses for both entities. The December 5 invoice reflects that Raffel attempted ***five times*** to serve Man Wah (USA) Inc. in North Carolina with the amended summons. (Dkt. 471-2 at 5.)[3] And the December 13 invoice reflects that Raffel finally and successfully served Man Wah (USA) Inc. with the amended summons. (*Id.* 6.) Thus, none of these were duplicative costs.

---

[3] The December 19 invoice (which Man Wah fails to acknowledge) reflects that Man Wah Holdings, Ltd. had refused to accept service. (Dkt. 471-2 at 7.)

***Copying Costs.*** Man Wah also claims that Raffel should not be entitled to recover any of the $7,017.16 in "exemplification copy costs." But these costs are recoverable under § 1920(4). And Raffel's costs have been described in sufficient detail for the Court to determine they were reasonable and necessary. Raffel is not "required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs. Rather [it is] required to provide the best breakdown obtainable from retained records." *Northbrook*, 924 F.2d at 643.

Here, Raffel has provided the Court with more than enough information to determine the subject of the copies. (Dkt. 469-6.) Specifically, Raffel supplied detailed invoices from its third-party vendors, which included the date the copies were requested, the description of what copies were made, the number of copies requested, and the amount that was charged. (*Id.*) And Raffel prepared an accompanying spreadsheet with additional descriptions of the invoices. (*Id.*) Man Wah asserts, without elaboration, that Raffel must show the copies were "actually prepared for use in presenting evidence to the Court" and that Raffel has not made such a showing. (Dkt. 488 at 37.) But the spreadsheets establish just that, i.e., that the copies were used for exhibits at depositions (which were used as evidence at trial and summary judgment), exhibits for the inventorship hearing, and exhibits for trial. (*See* Dkt. 469-6 at 2.) Between the invoices and Raffel's spreadsheet, Raffel has provided the Court with "the best breakdown obtainable from retained records" and adequate information to reward costs. *Northbrook*, 924 F.2d at 643; *see also* Civil L.R. 54(b)(2), (4).

***eDiscovery Fees.*** Man Wah also contends inaccurately that Raffel is not entitled to recover its e-discovery costs. (Dkt. 488 at 37-38.) But Raffel is entitled to recover its costs associated with Bates stamping, shipping and delivery of electronic documents, native file and email conversion,

- 5 -
Case 2:18-cv-01765-NJ   Filed 09/30/22   Page 5 of 8   Document 492

and TIFF image creation and conversion. *See Split Pivot, Inc. v. Trek Bicycle Corp.*, 154 F. Supp. 3d 769, 780-81 (W.D. Wis. 2015); *Hecker v. Deere & Co.*, 556 F.3d 575, 591 (7th Cir. 2009) (allowing costs of converting computer data into a readable format).[4]

As explained in its supporting documentation (Dkts. 470-2 at 2; 469-8), Raffel only is seeking costs associated with the processing and production of electronic discovery, which means Bates stamping, shipping and delivery of electronic documents, native file and email conversion, and TIFF image creation and conversion. And as Raffel explained with its bill of costs, though Raffel provided the Court the complete invoices from its vendor, it **proactively removed** the costs associated with hosting fees, user fees, and non-processing costs associated with the production. (Dkts. 470-2 at 2; 469-8.)

Man Wah confusingly asserts that Raffel has included costs for tracking and other tech related costs (Dkt. 488 at 38), but it is unclear what Man Wah is referring to. For example, INV00130252 totals $1,541.89, but Raffel only seeks $583.50. (*Compare* Dkt. 470-2 at 2 *with* Dkt. 470-2 at 5.) This is because Raffel excluded the costs associated with hosting ($652.14), user fees ($275.00), and technical time ($31.25). Raffel is only seeking costs for the production and processing (the production/GB and the consulting), which *Split Pivot* confirms is proper. (Dkt. 470-2 at 5.) Because Raffel only is seeking the production and processing costs associated with electronic discovery, the Court should award Raffel the $13,835.72 in costs it seeks.

---

[4] Man Wah also claims that "the Seventh Circuit recently cast significant doubt on whether costs such as 'collecting and preserving ESI, processing and indexing ESI, keyword searching for ESI for responsive and privileged documents' are recoverable eDiscovery costs." (Dkt. 488 at 37-38.) That is misleading, as the court simply acknowledged a circuit split and for parties to be wary. Notably, in *Split Pivot*, Judge Conley provided helpful guidance on recoverable costs for electronic discovery. 154 F. Supp. 3d 769.

## CONCLUSION

For the foregoing reasons, the Court should award Raffel's taxable costs in the amount of $109,031.99, as summarized below.

| Taxable Cost | Amount |
|---|---|
| Filing Fees | $ 400.00 |
| Process Service Fees | $ 2,244.62 |
| Transcripts | $ 66,843.48 |
| Witness Fees | $ 57.40 |
| Exemplification Copies | $ 7,017.16 |
| Exemplification Copies (eDiscovery Fees) | $ 13,835.72 |
| Interpreter Fees | $ 18,633.61 |
| **TOTAL** | **$ 109,031.99** |

Dated: September 30, 2022

**MICHAEL BEST & FRIEDRICH LLP**

By: /s/ John C. Scheller
John C. Scheller, SBN 1031247
Shane A. Brunner, SBN 1034128
Tanya M. Salman, SBN 1089151
One South Pinckney Street, Suite 700
P.O. Box 1806
Madison, WI 53701-1806
Telephone: 608.257.3501
Facsimile: 608.283.2275
Email: jcscheller@michaelbest.com
sabrunner@michaelbest.com
tmsalman@michaelbest.com

MICHAEL BEST & FRIEDRICH LLP
Melanie J. Reichenberger, SBN 1061510
790 North Water Street, Suite 2500
Milwaukee, WI 53202
Telephone: 414.271.6560
Facsimile: 414.277.0656
Email: mjreichenberger@michaelbest.com

MICHAEL BEST & FRIEDRICH LLP
Brianna J. Siebken
444 West Lake Street, Suite 3200
Chicago, IL 60606-0030
Telephone: 312.222.0800
Facsimile: 312.222.0818
Email: bjsiebken@michaelbest.com

MICHAEL BEST & FRIEDRICH LLP
J. Ryan Gray, SBN 1104649
2501 Blue Ridge Road, Suite 390
Raleigh, NC 27607-6479
Telephone: 984.220.8750
Facsimile: 877.398.5240
Email: jrgray@michaelbest.com

**CASIMIR JONES, S.C.**
Tyler J. Sisk, SBN 1054892
David A. Casimir, SBN 1036453
2275 Deming Way, Suite 310
Middleton, WI 53562
Telephone: 608.662.1277
Facsimile: 608.662.1276
Email:   tjsisk@casimirjones.com
             dacasimir@casimirjones.com

**DAVIS GOLDBERG GALPER PLLC**
Lanny J. Davis
1120 20th St. NW, Suite 700 N
Washington, DC 20036
Telephone: 202.899.3827
Email: ldavis@dggpllc.com

**Attorneys For Plaintiff Raffel Systems, LLC**