UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**RAFFEL SYSTEMS, LLC,**

    Plaintiff,

  v.                                                   Case No. 18-CV-1765

**MAN WAH HOLDINGS LTD, INC.,**
**MAN WAH (USA) INC., and XYZ**
**COMPANIES 1-10,**

    Defendants.

---

## ORDER EXTENDING TIME TO APPEAL

---

      Following a ten-day trial, on June 17, 2022, the jury returned a special verdict awarding damages in favor of the plaintiff, Raffel Systems, LLC, and against the defendants, Man Wah Holdings LTD, Inc. and Man Wah (USA) Inc. (collectively "Man Wah"). (Docket # 439.) On June 29, 2022, Raffel filed a letter request asking the Court to enter final judgment pursuant to Fed. R. Civ. P. 58(b)(2)(A). (Docket # 446.) In an Order dated July 1, 2022, I denied Raffel's request and set a briefing schedule to address the parties' post-verdict issues. (Docket # 454.)

      Man Wah moved for judgment as a matter of law under Fed. R. Civ. P. 50(b) and/or for a new trial under Fed. R. Civ. P. 59(a) as to Raffel's trade dress infringement, common law misappropriation, false marking, and patent infringement claims and further moved to reduce or eliminate damages as to these claims. (Docket # 466.) Raffel requested treble damages on its patent infringement claim, enhanced damages on its trade dress infringement claim, attorneys' fees, prejudgment interest, certain non-taxable costs, and a permanent

injunction prohibiting Man Wah from using Raffel's patents and/or trade dress. (Docket # 473.) On July 6, 2022, Raffel requested that the parties be permitted to address liability only for the attorneys' fees in this round of briefing before addressing the value of services. (Docket # 456.) Raffel's request was granted per a Text Only Order the following day. In a decision and order dated May 11, 2023, I granted in part and denied in part both parties' motions. (Docket # 500.) Raffel was granted an award of attorneys' fees and the parties were instructed to attempt to resolve the issue without further litigation. (*Id.* at 45–47.)

At this juncture, the outstanding amounts to be determined are for attorneys' fees and non-taxable costs. Fed. R. Civ. P. 54(d)(2) provides that a claim for attorneys' fees and related nontaxable expenses must be made by motion and made no later than 14 days after the entry of judgment, unless the court provides otherwise. In this case, the Court set a briefing schedule on Raffel's request for attorneys' fees; thus, a timely attorneys' fees motion under Rule 54 is currently pending. Pursuant to Rule 58(a)(3), a separate judgment is not required for an order disposing of a motion for attorneys' fees under Rule 54. For this reason, it is now appropriate to enter judgment in this case.

Rule 58(e) provides that "if a timely motion for attorney's fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59." To prevent a piecemeal appeal in this case, Raffel's motion for attorneys' fees will have the same effect under Fed. R. App. P. 4(a)(4) as a timely filed Rule 59 motion. In other words, although judgment is now entered in this case, the time to appeal is extended until final disposition of Raffel's Rule 54 motion for attorneys' fees.

**IT IS SO ORDERED**.

Dated at Milwaukee, Wisconsin this 16th day of May, 2023.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge

3

Case 2:18-cv-01765-NJ   Filed 05/16/23   Page 3 of 3   Document 502